

1  Gregory E. Schopf (SBN 122862)
   Anne Morrison Epperly (SBN 246784)
2  NIXON PEABODY LLP
   One Embarcadero Center, Suite 1800
3  San Francisco, CA 94111
   Telephone: (415) 984-8200
4  Fax:  (415) 984-8300

5  Attorneys for Plaintiff
   ACE PROPERTY & CASUALTY
6  INSURANCE COMPANY

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11

12

13                                    SACV13-0797 CJC (AJWx)

14 ACE PROPERTY & CASUALTY          Case No.
   INSURANCE COMPANY, a
15 corporation,
                                    **ACE PROPERTY & CASUALTY
16                    Plaintiff,    INSURANCE COMPANY'S
                                    COMPLAINT FOR EQUITABLE
17        vs.                       SUBROGATION AND
                                    REIMBURSEMENT**
18 ONEBEACON AMERICA
   INSURANCE COMPANY, a
19 corporation, and DOES 1 through 10,
   inclusive,
20
                      Defendants.
21

22

23

24      COMES NOW, Plaintiff ACE PROPERTY & CASUALTY INSURANCE

25 COMPANY ("ACE") and alleges, as follows:

26                   **JURISDICTION AND VENUE**

27      1.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332,

28 diversity jurisdiction.

ACE PROPERTY & CASUALTY INSURANCE COMPANY'S COMPLAINT
FOR EQUITABLE SUBROGATION AND REIMBURSEMENT

2.     This Court has personal jurisdiction over Defendant ONEBEACON AMERICA INSURANCE COMPANY ("OneBeacon") because OneBeacon has made or established constitutionally sufficient contacts in this judicial district and elsewhere in the State of California to permit this Court's exercise of personal jurisdiction and OneBeacon conducts and/or transacts business within this judicial district, and has sufficient contacts within this judicial district by virtue of its dealings with ACE as set forth below, and elsewhere in the State of California to permit this Court's exercise of personal jurisdiction.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the acts complained of herein occurred in this judicial district and/or each party is subject to personal jurisdiction in this judicial district.

## PARTIES

4.     Plaintiff ACE is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania. At all relevant times herein, Plaintiff ACE was and is duly authorized to transact insurance business in the County of Los Angeles and State of California.

5.     Plaintiff ACE is informed and believes that Defendant OneBeacon is a Massachusetts corporation with a principal place of business in Boston, Massachusetts. At all times relevant herein, Defendant OneBeacon was and is authorized to transact insurance business in the State of California.

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant Does 1-20, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names, and will ask leave of court to amend this Complaint to show their true names and capacities when the identities have been ascertained. Plaintiff is further informed and believes and thereon alleges that each of the fictitiously named Defendants was and is

- 2 -

1  legally responsible to Plaintiff in some manner in connection with the matters
2  hereinafter alleged.

3  ### FACTS

4  7.    At all relevant times herein, Nederlander-Greek, Inc. (hereinafter
5  "Nederlander") was the mutual insured of Plaintiff ACE and Defendant
6  OneBeacon, and was covered under primary and excess liability policies of
7  insurance issued by OneBeacon and ACE, respectively, as more particularly
8  identified hereinafter.

9  8.    As more fully set forth below, ACE, as excess carrier for Nederlander,
10 is subrogated to Nederlander's rights against OneBeacon, for OneBeacon's breach
11 of the implied covenant of good faith and fair dealing, arising out of OneBeacon's
12 unreasonable failure and refusal to settle an underlying personal injury action
13 against Nederlander within its $1 million policy limits. As a result of OneBeacon's
14 unreasonable failure and refusal to settle the case within its policy limits, including
15 OneBeacon's unreasonable refusal to accept the claimant's policy limits demand, a
16 reasonably expected excess verdict in the total amount of $3,236,455.31 was
17 rendered against Nederlander, resulting in a net judgment against OneBeacon's
18 insured in the amount of $2,346,430.09.

19

20 ### THE POLICIES

21 9.    Plaintiff ACE is informed and believes and thereon alleges that
22 Defendant OneBeacon issued a primary general liability insurance policy, policy
23 number GL00696-00, for the period April 13, 2009 through April 13, 2010, with
24 limits of liability for bodily injury of $1 million per occurrence and naming
25 Nederlander as an insured (the "OneBeacon policy").  The OneBeacon policy
26 promised and represented, *inter alia*, to Nederlander, that:
27 10.   The limits of liability for bodily injury are $1 million per occurrence;
28

- 3 -

1      (a)    OneBeacon agreed to indemnify Nederlander up to the aforesaid

2  limits, and against those sums it would become legally obligated to pay as damages

3  for bodily injury during the OneBeacon policy period and caused by an

4  "occurrence";

5      (b)    OneBeacon had a duty to defend, at its sole expense, any suit against

6  any Nederlander insured seeking covered damages on account of bodily injury;

7      (c)    Nederlander's operations at various locations were covered for such

8  bodily injury liability including the Greek Theatre in Los Angeles, California; and

9      (d)    In any lawsuit which it was defending, OneBeacon agreed to pay all

10  pre-appeal costs taxed against Nederlander under the supplementary payments

11  provision of the OneBeacon policy.

12      11.    Plaintiff ACE is informed and believes that at all relevant times herein

13  a duty to act fairly and in good faith in handling third-party claims is implied in the

14  OneBeacon policy. OneBeacon was therefore required to act fairly and in good

15  faith in discharging its contractual obligations, including, among other things, to

16  objectively and reasonably investigate any third-party claim against its insureds, to

17  properly evaluate liability and damages connected with any third-party claim and to

18  effectuate reasonable settlements of the third-party claims, when liability is

19  reasonably clear, including the duty to accept settlement demands within its policy

20  limits when a verdict is likely to be in excess of the policy limits.

21      12.    Plaintiff ACE issued a commercial umbrella policy of liability

22  insurance bearing policy number M00532939, for the period April 13, 2009 to

23  April 13, 2010, and naming Nederlander as an insured (the "ACE policy"). The

24  ACE policy provided, *inter alia*, that:

25      (a)    The limits of liability for bodily injury are $25 million for each

26  occurrence and in the aggregate, excess of the scheduled underlying OneBeacon

27  primary policy;

28      (b)    ACE agreed to pay, subject to its limits of liability, covered

- 4 -

ACE PROPERTY & CASUALTY INSURANCE COMPANY'S COMPLAINT
FOR EQUITABLE SUBROGATION AND REIMBURSEMENT

1  damages that Nederlander became legally obligated to pay which are in excess of

2  all scheduled underlying insurance, provided that no liability would attach unless

3  and until all such underlying insurance had been exhausted by payments of

4  settlements or judgments on losses covered under such policy;

5        (c)    The ACE policy covered, in pertinent part, bodily injury which

6  occurred during its policy period and was caused by an occurrence;

7        (d)    Nederlander's operations at various locations were covered for

8  such bodily injury liability including the Greek Theatre in Los Angeles, California;

9        (e)    The ACE policy had no affirmative duty to defend Nederlander

10  or pay for defense costs where underlying insurance, including the OneBeacon

11  policy, had such a defense obligation; and

12        (f)    Nederlander's rights to recover against other parties for any

13  payments ACE made under the policy are transferred to ACE.

14

15  ## THE *HERRON* ACTION

16      13.    Plaintiff ACE is informed and believes that on or about September 2,

17  2009, within the policy period of OneBeacon policy, Denise Herron ("Herron") was

18  at the insured's premises at the Greek Theatre in Los Angeles, California, when she

19  was injured allegedly as a result of Nederlander's negligence.

20      14.    Plaintiff ACE is further informed and believes that as a result of the

21  insured's negligence, Herron sustained serious and permanent injuries, including

22  but not limited to, a compound fracture of her right ankle, which resulted in the

23  need for several surgeries, which never fully resolved her condition.

24      15.    Plaintiff ACE is informed and believes that as a result of the fall,

25  Herron filed a personal injury action on April 20, 2010, entitled, *Herron v.*

26  *Nederlander-Greek, et al.*, Los Angeles County Superior Court, Case No.

27  BC436191 (the "*Herron* Action"). In her Complaint, Herron alleged causes of

28  action for general negligence, premises liability and breach of mandatory duty,

- 5 -

1 | contending there was an unreasonable risk of harm created by Nederlander in that
2 | the premises were maintained in an unsafe and unreasonably dangerous condition.
3 | Herron claimed economic damages from $500,000 to $8,000,000.  Herron's
4 | medical expert opined that as a result of her injuries, Herron's bones might not fuse,
5 | and she could possibly require amputation of her leg above the right ankle and
6 | below the knee.  Herron's economist expert opined that her future loss of earnings
7 | would be between $900,000 and $3.4 million.

8 |      16.    Upon information and belief, Nederlander tendered the *Herron* Action
9 | to Defendant OneBeacon under the primary policy. Defendant OneBeacon accepted
10 | the tender of the defense and assigned counsel to defend Nederlander. Defendant
11 | OneBeacon was obligated to properly and thoroughly investigate the *Herron* Action
12 | and perform an accurate assessment of liability and damages, and based thereon
13 | was required to accept a reasonable settlement demand within its policy limits.

### ONEBEACON'S UNREASONABLE FAILURE AND REFUSAL TO SETTLE

17.    The evidence in the *Herron* Action overwhelmingly demonstrated that
there was a substantial likelihood of recovery in excess of the OneBeacon policy
limits.  Herron's injuries were serious and permanent, Herron presented economic
damages that ranged from $500,000 to $8,000,000, and all medical experts,
including the insured's own medical experts, agreed that Herron's injuries may
require amputation of Herron's right leg, above the ankle and below the knee. The
testimony by other lay witnesses, including Nederlander's own employees,
evidenced that there was a substantial likelihood of recovery in excess of the
OneBeacon policy limits if the case were to go to trial.  Thus, a verdict in excess of
the $1 million policy limits of the OneBeacon policy was substantially likely, and
was or should have been apparent to OneBeacon, in light of Herron's injuries and
the probable liability of Nederlander.

- 6 -

18.    Prior to trial, Herron presented to OneBeacon an opportunity for OneBeacon to settle the *Herron* Action for the $1 million policy limits. On February 25, 2011, at a mandatory settlement conference, a policy limits demand was made by Herron in the underlying action. Notwithstanding that there was a substantial risk of an excess verdict, OneBeacon unreasonably refused to accept a settlement offer within the policy limits.  OneBeacon refused to settle for the $1 million policy limits even though OneBeacon was urged to settle by its insured Nederlander and its own defense counsel, was advised by the trial judge acting as settlement judge that the reasonable settlement value was in excess of OneBeacon's policy limits, and was further warned by the settlement judge that the reasonable likely verdict against Nederlander was well in excess of OneBeacon's policy limits. Under such circumstances, a reasonable insurer would have accepted a policy limits demand. Notwithstanding that the objectively reasonable evaluations by defense counsel and the settlement judge all indicated that the likely anticipated verdict was in excess of the limits of the OneBeacon policy, OneBeacon unreasonably refused to settle within its policy limits.

19.    Further, during trial, as evidence was presented and rulings were made that increased the already substantial likelihood of an excess verdict, OneBeacon failed to settle or even attempt to settle within its policy limits, despite written notice and demands from ACE. As a result of OneBeacon's unreasonable failure and refusal to settle for its policy limits, the jury returned a reasonably expected excess verdict, in the total amount of $3,236,455.31. After deductions for comparative negligence, judgment was entered on March 28, 2011 against Nederlander in the amount of $2,346,430.09, which was $1,346,430.09 in excess of the OneBeacon policy limits.

20.    Thereafter, OneBeacon failed and refused to direct, require or fund an appeal of the verdict, despite notice and demands for same from ACE, and instead only tendered its policy limits of $1 million toward satisfaction of the verdict

- 7 -

ACE PROPERTY & CASUALTY INSURANCE COMPANY'S COMPLAINT
FOR EQUITABLE SUBROGATION AND REIMBURSEMENT

1  amount.

2      21.     As Plaintiff ACE is Nederlander's excess carrier, ACE paid the portion

3  of the verdict which was in excess of the OneBeacon policy limits, in the amount of

4  $1,346,430.09. By reason of ACE's payment of the excess judgment, ACE is

5  subrogated to Nederlander's rights against OneBeacon for OneBeacon's breach of

6  the implied covenant of good faith and fair dealing for unreasonably refusing to

7  settle within its policy limits. ACE herein seeks from OneBeacon all amounts paid

8  by ACE in excess of OneBeacon's $1 million policy limits, plus interest and costs.

9      22.     Any payments by ACE were and are and subject to a reservation of

10  ACE's rights to seek reimbursement from Defendant OneBeacon of all or a portion

11  of the payments.

### FIRST CAUSE OF ACTION
### IN SUBROGATION FOR BREACH OF THE IMPLIED
### COVENANT OF GOOD FAITH AND FAIR DEALING

12

13

14      23.     Plaintiff ACE re-alleges and incorporates herein by reference the

15  allegations of paragraphs 1-21, inclusive, of this Complaint.

16      24.     Pursuant to the terms, conditions and implied obligations of its primary

17  policy of insurance, including the implied covenant of good faith and fair dealing, it

18  was OneBeacon's duty to, among other things, properly manage and oversee the

19  *Herron* Action; properly and thoroughly investigate Herron's claim against

20  Nederlander; properly conduct settlement negotiations, and, with respect thereto,

21  settle within the OneBeacon policy limits if possible; properly and accurately

22  evaluate the issues of damages and liability in the *Herron* Action; properly and

23  accurately apprise Nederlander and excess insurers, including Plaintiff ACE, of

24  Herron's settlement demands and negotiations in connection therewith; and

25  properly and accurately evaluate settlement and settle the *Herron* Action where

26  there was a substantial likelihood of a judgment for more than OneBeacon's policy

27  limits.

28      25.     Defendant OneBeacon breached its obligations and duties under the

- 8 -

terms and conditions of its primary policy of insurance by failing to do all of the aforementioned in paragraph 20, above, among other things.

26. As the sole, direct and proximate result of OneBeacon's failure to fulfill its contractual and implied obligations to Nederlander as previously alleged, OneBeacon unreasonably failed and refused to settle or even attempt to settle the case at the limits of its primary policy, although Herron made a policy limits demand to settle the *Herron* Action, although evidence presented and rulings made during trial increased the already substantial likelihood of an excess verdict and although ACE demanded such a settlement by OneBeacon . Despite the evidence that would have led a reasonable insurer to conclude that the reasonable settlement value of the case was more than $1 million, and that a likely reasonable verdict was well in excess of $1 million, OneBeacon unreasonably failed to accept the policy limits demand and failed and refused to settle or even attempt to settle at the limits of of the policy. As a direct result of its breach of the implied covenant of good faith and fair dealing, OneBeacon has caused harm and damage to Nederlander by allowing a judgment in excess of the OneBeacon policy limits to be rendered against Nederlander.

27. Under the principles of equitable subrogation, as well as the contractual subrogation provision in the ACE policy, Plaintiff ACE stands in the shoes of its insured and is subrogated to Nederlander's rights under the OneBeacon primary policy and thus ACE has the right to assert any and all rights that Nederlander has thereunder against OneBeacon, including, without limitation, the right of recovery against OneBeacon for breach of its contractual and good faith obligations to Nederlander in the underlying *Herron* Action. Accordingly, ACE, as the subrogee of Nederlander, is entitled to recover from OneBeacon all amounts paid in excess of the available limits of the OneBeacon policy, along with any pre-judgment interest thereon and costs.

28. The damages incurred by Nederlander, and paid by Plaintiff ACE,

- 9 -

would have been avoided if Defendant OneBeacon had properly and reasonably fulfilled its obligations under the covenant of good faith and fair dealing to settle the case within the policy limits. It is thus inequitable and unjust for ACE, and not OneBeacon, to suffer said harm and damages.

29.   Plaintiff ACE has demanded that Defendant OneBeacon pay all amounts ACE paid in excess of the available limits of the OneBeacon policy, along with any pre-judgment interest thereon and costs. Defendant OneBeacon has failed and refused to pay any of said sums to ACE.

### PRAYER

WHEREFORE, Plaintiff ACE prays for judgment, as follows:

1.   For compensatory damages in a minimum amount of $1,346,430.09, or for all amounts paid or incurred by ACE as a result of the excess verdict;

2.   For pre-judgment interest on the foregoing sum at the legal rate;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court deems just and proper.

Dated:      May 20, 2013                NIXON PEABODY LLP

By: _____
Gregory E. Schopf
Anne Morrison Epperly
Attorneys for Plaintiff
ACE PROPERTY & CASUALTY
INSURANCE COMPANY

14460990.3

- 10 -

ACE PROPERTY & CASUALTY INSURANCE COMPANY'S COMPLAINT
FOR EQUITABLE SUBROGATION AND REIMBURSEMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## SACV13- 797 CJC  (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

### I. (a) PLAINTIFFS  ( Check box if you are representing yourself ☐ )

ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation

**DEFENDANTS**  ( Check box if you are representing yourself ☐ )

ONEBEACON AMERICA INSURANCE COMPANY, a corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Nixon Peabody LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes  ☒ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:**  ☐ Yes  ☒ No      ☒ MONEY DEMANDED IN COMPLAINT: $ 1,346,430.09

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Equitable Subrogation and Reimbursement

### VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☒ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-0797**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  [x] NO   [ ] YES

If yes, list case number(s):

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  [x] NO   [ ] YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| ACE PROPERY CASUALTY INSURANCE COMPANY--Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| ONEBEACON AMERICA INSURANCE COMPANY--County of Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note**: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _(signature)_   DATE: 5/20/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |