MARC J. SHRAKE (Bar No. 219331)
  mjs@amclaw.com
JENNIFER S. MUSE (Bar No. 211779)
  jsm@amclaw.com
ANDERSON, McPHARLIN
& CONNERS LLP
444 South Flower Street, 31st Floor
Los Angeles, California  90071-2901
TELEPHONE: (213) 688-0080
FACSIMILE: (213) 622-7594

Attorneys for Defendant and Counterclaim
Plaintiff OneBeacon America Insurance
Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>ONEBEACON AMERICA INSURANCE COMPANY, a corporation, and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No. SACV13-0797 CJC (AJWx)<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br><br><br><br><br>Trial Date:  February 24, 2015 |
| ONEBEACON AMERICA INSURANCE COMPANY, a corporation,<br><br>          Counterclaimant,<br><br>     vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, a corporation,<br><br>          Counterdefendant. | |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER

1     The Court, having considered the Stipulated Protective Order and finding that

2 good cause exists, orders the following:

3     IT IS ORDERED that the Stipulated Protective Order, in its entirety, is

4 hereby GRANTED and ordered into full force and effect.  The pertinent elements

5 requested in the stipulation are as follows:

6   2.   **DEFINITIONS**

7     2.1   **Challenging Party**: a Party or Non-Party that challenges the

8 designation of information or items under this Order.

9     2.2   **"CONFIDENTIAL" Information or Items**: information (regardless

10 of how it is generated, stored or maintained) or tangible things that qualify for

11 protection under Federal Rule of Civil Procedure 26(c).

12     2.3   **Counsel (without qualifier)**: Outside Counsel of Record and House

13 Counsel (as well as their support staff).

14     2.4   **Designating Party**: a Party or Non-Party that designates information or

15 items that it produces in disclosures or in responses to discovery as

16 "CONFIDENTIAL."

17     2.5   **Disclosure or Discovery Material**: all items or information, regardless

18 of the medium or manner in which it is generated, stored, or maintained (including,

19 among other things, testimony, transcripts, and tangible things), that are produced or

20 generated in disclosures or responses to discovery in this matter.

21     2.6   **Expert**: a person with specialized knowledge or experience in a matter

22 pertinent to the litigation who has been retained by a Party or its counsel to serve as

23 an expert witness or as a consultant in this action.

24     2.7   **House Counsel**: attorneys who are employees of a party to this action.

25 House Counsel does not include Outside Counsel of Record or any other outside

26 counsel.

27     2.8   **Non-Party**: any natural person, partnership, corporation, association, or

28 other legal entity not named as a Party to this action.

ANDERSON, McPHARLIN & CONNERS LLP

LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

2.9    **Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise;

1  and (b) any information that has come or shall come into the Receiving Party's

2  legitimate possession independently of the Designating Party. Any use of Protected

3  Material at trial shall be governed by a separate agreement or order.

4  4.  **DURATION**

5      Even after final disposition of this litigation, the confidentiality obligations

6  imposed by this Order shall remain in effect until a Designating Party agrees

7  otherwise in writing or a court order otherwise directs. Final disposition shall be

8  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

9  or without prejudice; and (2) final judgment herein after the completion and

10  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

11  including the time limits for filing any motions or applications for extension of time

12  pursuant to applicable law.

13  5.  **DESIGNATING PROTECTED MATERIAL**

14      5.1  **Exercise of Restraint and Care in Designating Material for**

15  **Protection**. Each Party or Non-Party that designates information or items for

16  protection under this Order must take care to limit any such designation to specific

17  material that it believes in good faith will, if disclosed to the public, have the effect

18  of causing harm to its competitive position. The Designating Party must designate

19  for protection only those parts of material, documents, items, or oral or written

20  communications that qualify – so that other portions of the material, documents,

21  items, or communications for which protection is not warranted are not swept

22  unjustifiably within the ambit of this Order.

23      If it comes to a Designating Party's attention that information or items that it

24  designated for protection do not qualify for protection, that Designating Party must

25  promptly notify all other Parties that it is withdrawing the mistaken designation.

26      5.2  **Manner and Timing of Designations**. Except as otherwise provided

27  in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

28  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA  90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  under this Order must be clearly so designated before the material is disclosed or

2  produced.

3      Designation in conformity with this Order requires:

4          (a) for information in documentary form (e.g., paper or electronic

5  documents, but excluding transcripts of depositions or other pretrial or trial

6  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

7  page that contains protected material.  If only a portion or portions of the material on

8  a page qualifies for protection, the Producing Party also must clearly identify the

9  protected portion(s) (e.g., by making appropriate markings in the margins).  A Party

10 or Non-Party that makes original documents or materials available for inspection

11 need not designate them for protection until after the inspecting Party has indicated

12 which material it would like copied and produced.  During the inspection and before

13 the designation, all of the material made available for inspection shall be deemed

14 "CONFIDENTIAL." After the inspecting Party has identified the documents it

15 wants copied and produced, the Producing Party must determine which documents,

16 or portions thereof, qualify for protection under this Order.  Then, before producing

17 the specified documents, the Producing Party must affix the "CONFIDENTIAL"

18 legend to each page that contains Protected Material.  If only a portion or portions of

19 the material on a page qualifies for protection, the Producing Party also must clearly

20 identify the protected portion(s) (e.g., by making appropriate markings in the

21 margins).

22         (b) for testimony given in deposition or in other pretrial or trial

23 proceedings, that the Designating Party identify on the record, before the close of

24 the deposition, hearing, or other proceeding, all protected testimony.

25         (c) for information produced in some form other than documentary and

26 for any other tangible items, that the Producing Party affix in a prominent place on

27 the exterior of the container or containers in which the information or item is stored

28 the legend "CONFIDENTIAL." If only a portion or portions of the information or

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1   item warrant protection, the Producing Party, to the extent practicable, shall identify

2   the protected portion(s).

3      5.3   **Inadvertent Failures to Designate**.  If timely corrected, an inadvertent

4   failure to designate qualified information or items does not, standing alone, waive

5   the Designating Party's right to secure protection under this Order for such material.

6   Upon timely correction of a designation, the Receiving Party must make reasonable

7   efforts to assure that the material is treated in accordance with the provisions of this

8   Order.

9   6.   <u>**CHALLENGING CONFIDENTIALITY DESIGNATIONS**</u>

10     6.1   **Timing of Challenges**.  Any Party or Non-Party may challenge a

11   designation of confidentiality at any time.  Unless a prompt challenge to a

12   Designating Party's confidentiality designation is necessary to avoid foreseeable,

13   substantial unfairness, unnecessary economic burdens, or a significant disruption or

14   delay of the litigation, a Party does not waive its right to challenge a confidentiality

15   designation by electing not to mount a challenge promptly after the original

16   designation is disclosed.

17     6.2   **Dispute Resolution under Local Rules 37-1, 37-2, 37-3, and 37-4**.

18   The Challenging Party shall initiate the dispute resolution process by the procedures

19   set forth in Local Rule 37-1 and providing written notice of each designation it is

20   challenging and describing the basis for each challenge.  Thereafter, the Parties shall

21   engage in a good-faith attempt to resolve any differences.  To avoid ambiguity as to

22   whether a challenge has been made, the written notice must recite that the challenge

23   to confidentiality is being made in accordance with this specific paragraph of the

24   Protective Order.  In conferring, the Challenging Party must explain the basis for its

25   belief that the confidentiality designation was not proper and must give the

26   Designating Party an opportunity to review the designated material, to reconsider

27   the circumstances, and, if no change in designation is offered, to explain the basis

28   for the chosen designation.  A Challenging Party may proceed to the next stage of

the challenge process, pursuant to Local Rules 37-2, 37-3, and 37-4, only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Under Local Rules 37-2, 37-3, and 37-4, the moving party is the Challenging Party and the opposing party is the Designating Party.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     **Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the

**ANDERSON, McPHARLIN & CONNERS LLP**
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  Receiving Party to whom disclosure is reasonably necessary for this litigation and who

2  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the

3  Stipulation);

4        (c) Experts (as defined in this Order) of the Receiving Party to whom

5  disclosure is reasonably necessary for this litigation and who have signed the

6  "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Stipulation);

7        (d) the court and its personnel;

8        (e) court reporters and their staff, professional jury or trial consultants,

9  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

10  for this litigation and who have signed the "Acknowledgment and Agreement to Be

11  Bound" (Exhibit A to the Stipulation);

12        (f) during their depositions, witnesses in the action to whom disclosure

13  is reasonably necessary and who have signed the "Acknowledgment and Agreement

14  to Be Bound" (Exhibit A to the Stipulation), unless otherwise agreed by the

15  Designating Party or ordered by the court.  Pages of transcribed deposition

16  testimony or exhibits to depositions that reveal Protected Material must be

17  separately bound by the court reporter and may not be disclosed to anyone except as

18  permitted under this Order.

19        (g) the author or recipient of a document containing the information or

20  a custodian or other person who otherwise possessed or knew the information.

21  8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

22       **PRODUCED IN OTHER LITIGATION**

23      If a Party is served with a subpoena or a court order issued in other litigation

24  that compels disclosure of any information or items designated in this action as

25  "CONFIDENTIAL," that Party must:

26        (a) promptly notify in writing the Designating Party.  Such notification

27  shall include a copy of the subpoena or court order;

28        (b) promptly notify in writing the party who caused the subpoena or

1   order to issue in the other litigation that some or all of the material covered by the

2   subpoena or order is subject to this Protective Order.  Such notification shall include

3   a copy of this Stipulated Protective Order; and

4           (c) cooperate with respect to all reasonable procedures sought to be

5   pursued by the Designating Party whose Protected Material may be affected.  If the

6   Designating Party timely seeks a protective order, the Party served with the

7   subpoena or court order shall not produce any information designated in this action

8   as "CONFIDENTIAL" before a determination by the court from which the

9   subpoena or order issued, unless the Party has obtained the Designating Party's

10  permission.  The Designating Party shall bear the burden and expense of seeking

11  protection in that court of its Protected Material – and nothing in these provisions

12  should be construed as authorizing or encouraging a Receiving Party in this action

13  to disobey a lawful directive from another court.

14  9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

15        **PRODUCED IN THIS LITIGATION**

16          The terms of this Order are applicable to information produced by a Non-

17  Party in this action and designated as "CONFIDENTIAL." Such information

18  produced by Non-Parties in connection with this litigation is protected by the

19  remedies and relief provided by this Order.  Nothing in these provisions should be

20  construed as prohibiting a Non-Party from seeking additional protections.

21          In the event that a Party is required, by a valid discovery request, to produce a

22  Non-Party's Protected Material in its possession, and the Party is subject to an

23  agreement with the Non-Party not to produce the Non-Party's Protected Material,

24  then the Party shall:

25          (a) promptly notify in writing the Requesting Party and the Non-Party

26  that some or all of the information requested is subject to a confidentiality

27  agreement with a Non-Party;

28          (b) promptly provide the Non-Party with a copy of the Stipulated

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1 Protective Order in this litigation, the relevant discovery request(s), and a

2 reasonably specific description of the information requested; and

3               (c) make the information requested available for inspection by the Non-

4 Party.

5        If the Non-Party fails to object or seek a protective order from this court

6 within 14 days of receiving the notice and accompanying information, the Receiving

7 Party may produce the Non-Party's Protected Material responsive to the discovery

8 request. If the Non-Party timely seeks a protective order, the Receiving Party shall

9 not produce any information in its possession or control that is subject to the

10 confidentiality agreement with the Non-Party before a determination by the court.

11 Absent a court order to the contrary, the Non-Party shall bear the burden and

12 expense of seeking protection in this court of its Protected Material.

13  10.   **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

14        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

15 Protected Material to any person or in any circumstance not authorized under this

16 Order, the Receiving Party must immediately (a) notify in writing the Designating

17 Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

18 unauthorized copies of the Protected Material, (c) inform the person or persons to

19 whom unauthorized disclosures were made of all the terms of this Order, and

20 (d) request such person or persons to execute the "Acknowledgment and Agreement

21 to Be Bound" that is attached to the Stipulation as Exhibit A. Any unauthorized

22 disclosure of Protected Material may constitute contempt of Court.

23  11.   **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

24      **<u>PROTECTED MATERIAL</u>**

25        When a Producing Party gives notice to Receiving Parties that certain

26 inadvertently produced material is subject to a claim of privilege or other protection,

27 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

28 Procedure 26(b)(5)(B). This provision is not intended to modify whatever

10

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

**ANDERSON, McPHARLIN & CONNERS LLP**
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1  procedure may be established in an e-discovery order that provides for production

2  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

3  (e), insofar as the parties reach an agreement on the effect of disclosure of a

4  communication or information covered by the attorney-client privilege or work

5  product protection, the parties may incorporate their agreement in the stipulated

6  protective order submitted to the court.  Nothing in this Order shall be construed to

7  require the production of documents protected from disclosure by the attorney-client

8  privilege and/or the work product doctrine.

9  12.   **MISCELLANEOUS**

10      12.1   **Right to Further Relief**.  Nothing in this Order abridges the right of

11  any person to seek its modification by the court in the future.  Nothing in this Order

12  shall be construed as precluding a person from seeking additional protection from

13  the court against the disclosure or production of other commercial information,

14  including an order that such information not be disclosed or that it be disclosed only

15  in a designated way.

16      12.2   **Right to Assert Other Objections**.  By stipulating to the entry of this

17  Order, no Party waives any right it otherwise would have to object to disclosing or

18  producing any information or item on any ground not addressed in Order.  Similarly,

19  no Party waives any right to object on any ground to use in evidence of any of the

20  material covered by this Order.

21      12.3   **Filing Protected Material**.  Without written permission from the

22  Designating Party or a court order secured after appropriate notice to all interested

23  persons, a Party may not file in the public record in this action any Protected

24  Material.  A Party that seeks to file under seal any Protected Material must comply

25  with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a

26  court order authorizing the sealing of the specific Protected Material at issue.

27  Pursuant to Local Rule 79-5, a sealing order will issue only upon a request

28  establishing that the Protected Material at issue is privileged, protectable as a trade

1  secret, or otherwise entitled to protection under the law.  If a Receiving Party's

2  request to file Protected Material under seal pursuant to Local Rule 79-5(d) is

3  denied by the court, then the Receiving Party may file the information in the public

4  record pursuant to Local Rule 79-5(e) unless otherwise instructed by the court.

5  13.    **FINAL DISPOSITION**

6          Within 60 days after the final disposition of this action, as defined in

7  Section 4, each Receiving Party must return all Protected Material to the Producing

8  Party or destroy such material.  As used in this subdivision, "all Protected Material"

9  includes all copies, abstracts, compilations, summaries, and any other format

10  reproducing or capturing any of the Protected Material.  Whether the Protected

11  Material is returned or destroyed, the Receiving Party must submit a written

12  certification to the Producing Party (and, if not the same person or entity, to the

13  Designating Party) by the 60 day deadline that (1) identifies (by category, where

14  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

15  that the Receiving Party has not retained any copies, abstracts, compilations,

16  summaries or any other format reproducing or capturing any of the Protected

17  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

18  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

19  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

20  work product, and consultant and expert work product, even if such materials

21  contain Protected Material.  Any such archival copies that contain or constitute

22  Protected Material remain subject to this Order as set forth in Section 4,

23  "DURATION."

24  IT IS SO ORDERED.

25

26  DATED: _July 7, 2014_____          _____

27                                                                    ANDREW J. WISTRICH
                                                                       United States Magistrate Judge
28

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594